IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JESUS FARIS, JR., | No. C 06-3471 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| BILL LOCKYER, Attorney General; THOMAS J. ORLOFF, District Attorney; JOHN DOE #1, of the Oakland Police Crime Laboratory; and JOHN DOE #2, of Highland Hospital, | (Docket No. 10) |
| Defendants. | |

    On May 30, 2006, plaintiff, a California prisoner proceeding pro se, filed this civil rights case seeking biological evidence from his criminal case for DNA testing. In an order dated October 17, 2006, plaintiff's claim, which has been rejected in the state courts, was found to be cognizable when liberally construed. Plaintiff was informed that because he paid the filing fee and is not proceeding in forma pauperis ("IFP"), he is responsible for effectuating service upon defendants.

    In the October 17, 2006 Order of Service, plaintiff's deadline for serving the complaint was extended for an additional 120 days, i.e. until February 6, 2007. Instead of serving the complaint, however, plaintiff filed an application for leave to proceed IFP. On January 30, 2007, the application was denied, and again plaintiff was instructed to serve defendants pursuant to Rule 4(m), although he was given an additional sixty days to do so, i.e. by March 30, 2007. As noted in the order, the clerk had previously issued summonses to plaintiff in order for him to effectuate service. Plaintiff has again filed additional applications to proceed in forma pauperis instead of serving defendants. In such applications he indicates that his aunt paid the $350 filing fee, but he does not personally have money. Plaintiff has not yet served

1  any defendant.

2  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, a complaint that has been
3  pending for over 120 days but has not been served, such as plaintiff's, is subject to dismissal
4  without prejudice as to any unserved defendant absent a showing of "good cause.".  See Fed.
5  R. Civ. P. 4(m); Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (holding prisoner
6  failed to show cause why prison official should not be dismissed under Rule 4(m) where
7  prisoner failed to show he had provided Marshal with sufficient information to effectuate
8  service).

9  Plaintiff has not shown cause why he has not served defendants within the extended
10 deadlines provided to him, or indeed in the nearly three years since the Order of Service.  As
11 plaintiff has been instructed previously, because he paid the initial filing fee and is not
12 proceeding IFP in this matter, he may not rely on the Marshal for service but must effectuate
13 service himself.  Plaintiff has been issued summonses by the clerk, and there are only two
14 named defendants in this case.  Serving these two defendants by mail would cost relatively
15 little, and plaintiff does describe any additional costs that would be associated with service.  He
16 also does not explain any efforts he has made, in the two and one half years since the March
17 2007 deadline for service, to secure the relatively small amount of funds necessary to effectuate
18 service by mail either from relatives or elsewhere.

19 Accordingly, in light of plaintiff's failure to serve defendants within the extended
20 deadline provided, or to show cause why he has been unable to do so, this action is hereby
21 **DISMISSED** pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  This dismissal is
22 without prejudice to plaintiff's filing a new civil rights action in which, if he is indigent, he may
23 seek leave to proceed IFP.

24 The clerk shall close the file and terminate all pending motions.

**IT IS SO ORDERED.**

Dated:   September 3, 2009

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.06\FARIS471.4m.wpd

2